UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHANIE SAVOY                                   CIVIL ACTION

VERSUS                                               NO. 15-128-JWD-RLB

POINTE COUPEE PARISH POLICE
JURY, ET AL.

## NOTICE

       Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

       In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

       Signed in Baton Rouge, Louisiana, on May 29, 2015.

                                                        _____
                                                        RICHARD L. BOURGEOIS, JR.
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEPHANIE SAVOY                                          CIVIL ACTION

VERSUS                                                   NO. 15-128-JWD-RLB

POINTE COUPEE PARISH POLICE
JURY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 8). The motion is opposed. (R. Doc. 16). Based on the following, the motion should be granted and the action should be remanded.

### I.     Background

On February 2, 2015, Stephanie Savoy ("Plaintiff") filed this suit in the 18th Judicial District Court for the Parish of Pointe Coupee, Louisiana, naming as defendants Melissa Hymel; the Pointe Coupee Parish Police Jury ("Police Jury"); and the Pointe Coupee Parish Public Library Board of Control ("Board of Control") (collectively "Defendants"). (R. Doc. 1-2). Plaintiff seeks relief under 42 U.S.C. § 1983 and La. R.S. § 23:967 (the Louisiana Whistleblower Statute). Plaintiff alleges that on August 14, 2014, she was wrongfully terminated from her employment at the Pointe Coupee Parish Library by her supervisor, Ms. Hymel, after she reported to the Board of Control that she had been harassed by Ms. Hymel. Plaintiff further alleges that the Board of Control and Police Jury are liable under the doctrine of respondeat superior. (R. Doc. 1-2 at 1-2).

Defendant removed the action on March 6, 2015, alleging that the court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over the federal civil rights claims and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law whistleblower claim.

(R. Doc. 1). On March 20, 2015, Defendants filed a motion to dismiss that is currently pending. (R. Doc. 3).

On March 31, 2015, Plaintiff moved for partial voluntary dismissal of her claim brought pursuant to 42 U.S.C. § 1983. (R. Doc. 8). The same day, Plaintiff moved to remand on the basis of this court's lack of jurisdiction over Plaintiff's remaining state law claims. (R. Doc. 8 at 2). The court dismissed Plaintiff's federal claim on April 8, 2015. (R. Doc. 14).

## II. Arguments of the Parties

In support of remand, Plaintiff argues that upon dismissal of her claim under 42 U.S.C. § 1983, there will no longer be a claim or cause of action under which this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (R. Doc. 8). Plaintiff does not discuss any factors in support of remand other than the dismissal of her federal cause of action.

In opposition, Defendants argue that dismissal of Plaintiff's federal claims does not defeat subject matter jurisdiction where jurisdiction existed at the time of removal. (R. Doc. 16 at 2). Defendants state that, when all federal claims are dismissed, the decision on whether or not to retain jurisdiction lies squarely within the discretion of the trial court. (R. Doc. 16 at 2). Defendants further state that this court should use its discretion to deny Plaintiff's motion to remand based on the statutory factors set forth in 28 U.S.C. § 1367(c) as well as the common law factors of judicial economy, convenience, fairness, and comity (R. Doc. 16 at 3). Defendants argue that the action should remain in federal court because it is in its early stages, this court is familiar with the action, and the parties have submitted briefing on a pending motion to dismiss. (R. Doc. 16 at 4). Defendants further argue that this court should deny Plaintiff's motion to remand because Plaintiff has engaged in "manipulative" forum shopping techniques by voluntarily dismissing her federal claims to enable remand to state court. (R. Doc. 16 at 5).

**III.     Law and Analysis**

"A district court has discretion to remand to state court a removed case involving pendant claims after the court has determined that retaining jurisdiction would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). A district court may decline to exercise jurisdiction over the remaining state law claims when federal claims are no longer at issue after granting plaintiff's voluntary motion for partial dismissal. 28 U.S.C. 1367(c)(3); *Patrick Media Group v. North Texas Tollway Authority*, No. 98-CV-1136, 1998 WL 892279 (N.D. Tex. Dec. 14, 1998). "Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) (citing *Parker & Parsley Petroleum Co. v. Dressler Indus.*, 972 F.2d 580, 585 (5th Cir. 1992)).

The district court should hear a claim based on state law when doing so would promote judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ.*, 484 U.S. at 357. These factors will weigh against remand when a district court is "intimately familiar with the facts" and remand "would have resulted in a waste of scarce judicial resources. *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990). When all federal law claims are eliminated before trial, however, these factors "will usually point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350.

Judicial economy favors remand when the district court has devoted "hardly any federal resources, let alone a significant amount of resources" to the state law claim at the time the federal claims were dismissed. *Id* at 159. This factor also favors remand when neither party would be subjected to duplicative "research, discovery, briefing, or other trial preparation." *Id*. Convenience favors remand when all parties, witnesses, and evidence are located within the

jurisdiction of the same state court. *Id.* at 160. Fairness favors remand when a state court hears purely state law claims and there is nothing in the record to suggest that either party would be prejudiced by remand. *Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014). Comity recognizes that "district courts are courts of limited jurisdiction and often are not as well equipped for determinations of state law as are state courts." *Parker & Parsley Petroleum Co.* 972 F.2d at 588-89.

District courts should also guard against forum manipulation and deny motions to remand "where appropriate." *Brown*, 901 F.2d at 1255 (citing *Carnegie-Mellon Univ.*, 484 U.S. at 357)). "[A plaintiff]'s motion to amend his complaint to delete federal claims is not a particularly egregious form of forum manipulation, if manipulation at all." *Enochs*, 641 F.3d at 160. Moreover, forum manipulation is not "a trump card which overrides all of the other factors" which must be considered. *Id.* at 161.

Plaintiff's original petition for damages included Section 1983 claims and state law claims under La. R.S. § 23:967. There is no dispute that the court properly exercised federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. Following removal, Plaintiff moved for partial voluntary dismissal of his federal claims. (R. Doc. 7). This motion was granted. (R. Doc. 14). Because all federal claims have been dismissed, the court may use its discretion to decline to exercise jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3).

In *Enochs*, the district court faced a procedural posture almost identical to the instant case. The original petition included alleged violations of federal law under 42 U.S.C. §§ 1983 and 1985, as well as violations of Texas state law under the Texas whistleblower statute. 641 F.3d at 157. Defendant removed the case to federal court and filed a motion to dismiss both the

4

federal and state law claims. Plaintiff, in response, moved to amend the complaint to delete all federal claims, and filed a separate motion to remand the matter to Texas state court. The district court dismissed the federal claim and denied Plaintiff's motion to remand. *Id* at 157-58. The case proceeded with discovery and summary judgment solely on the Texas state law claims.

On appeal, the Fifth Circuit found that the district court abused its discretion by not reconsidering its jurisdiction following dismissal of the federal claims. The court stated that, had the district court done so, "it likely would have followed the general rule and granted the motion to remand." *Id* at 161. The Fifth Circuit further noted that deference to the district court's discretion "cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of . . . common law factors weighs heavily in favor of remand." *Id* at 161-62. The district court was reversed and ordered to remand the case to the Texas state court.

In the instant case, the factors considered for discretionary remand of state law claims—judicial economy, convenience, fairness, and comity—all weigh in favor of remand. First, judicial economy favors remand because the federal court has devoted few resources to the state law claims and remand would not subject either party to duplicative research, discovery, briefing, or other trial preparation. *See Enochs*, 641 F.3d at 159. This action is in its infancy. It was removed on March 6, 2015 and the federal claims were dismissed on April 8, 2015. The parties have recently submitted their joint status report and the court has not yet held a scheduling conference. Aside from Plaintiff's motion for partial voluntary dismissal and the instant motion to remand, the court has not addressed any substantive issues in this action.

Second, convenience favors remand because the parties are domiciled in Pointe Coupee Parish and are within the jurisdiction of the same state court. In addition, it is likely that any

5

witnesses or evidence would also be within that state court's jurisdiction. Thus, it would be more convenient to present the matter to the Louisiana state court in Pointe Coupee Parish as opposed to presenting the matter in federal court in East Baton Rouge Parish.

Third, fairness warrants remand. Defendants have not identified how they would be prejudiced by remand. Defendants merely argue that remand would be unfair because Plaintiff is engaging in "manipulative" forum shopping. This argument is unwarranted. As set forth above, the Fifth Circuit has questioned whether Plaintiff's voluntary dismissal of her federal claim at this early stage in the proceeding is manipulation at all. *Enochs*, 641 F.3d at 160. In the instant matter, dismissal of Plaintiff's federal claims does not alone constitute manipulative forum shopping, and even if Plaintiff did engage in manipulative forum shopping, that would not serve as "a trump card which overrides all of the other factors." *Id.* at 161. Indeed, the district court's obligation to guard against forum shopping is explicitly qualified for situations such as this one, where other considerations weigh heavily in favor of remand.

Fourth, comity recognizes that federal courts are courts of limited subject matter jurisdiction and are often not as suited as state courts to hear state law claims. *Id*. at 160. The only remaining claims are pursuant to Louisiana law. Although this court is equipped to adjudicate Plaintiff's claims, including those under the Louisiana Whistleblower Statute, the Louisiana judiciary has an interest in developing its own jurisprudence with regard to this state legislation.

## IV.    Conclusion

As Plaintiff's federal law claim has been voluntarily dismissed, the court should exercise its discretion and decline supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

6

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be **GRANTED**, and this action be **REMANDED** to the 18th Judicial District Court, Pointe Coupee Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on May 29, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**